## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
)
BANCROFT GLOBAL DEVELOPMENT )
2507 Massachusetts Avenue, NW )
Washington, D.C. 20008, )
) **JURY TRIAL DEMANDED**
MICHAEL STOCK )
6827 Sorrel Street )
McLean, VA 22101, )
)
and )
)
MELISSA BATES STOCK )
6827 Sorrel Street )
McLean, VA 22101 )
)
            Plaintiffs, )
)
v. ) **CIVIL ACTION NO.  17-395 (RC)**
)
JOHN KOSKINEN )
Commissioner )
Internal Revenue Service )
1111 Constitution Ave NW )
Washington, DC 20224, )
)
JAMES B. COMEY )
Director )
Federal Bureau of Investigation )
FBI Headquarters )
935 Pennsylvania Avenue, NW )
Washington, D.C. 20535-0001, )
)
THOMAS D. HOMAN )
Acting Director )
U.S. Immigration and )
    Customs Enforcement )
500 12th St., SW )
Washington, D.C. 20536, )
)
JEFF SESSIONS )
Attorney General of the United States )
U.S. Department of Justice )

| | |
|---|---|
| 950 Pennsylvania Avenue, NW | ) |
| Washington, DC 20530-0001, | ) |
| | ) |
| CHANNING D. PHILLIPS | ) |
| U.S. Attorney for the District of Columbia | ) |
| United States Attorney's Office | ) |
| 555 4th Street, NW | ) |
| Washington, DC 20530, | ) |
| | ) |
| DANA J. BOENTE | ) |
| U.S. Attorney for the Eastern | ) |
|    District of Virginia | ) |
| Justin W. Williams United States | ) |
|    Attorney's Building | ) |
| 2100 Jamieson Ave. | ) |
| Alexandria, VA 22314, | ) |
| | ) |
| and | ) |
| | ) |
| JOHN OR JANE DOE 1 - 100 | ) |
| | ) |
|                        Defendants. | ) |
| | ) |

**FIRST AMENDED COMPLAINT FOR UNAUTHORIZED INSPECTION AND
DISCLOSURE OF TAX RETURNS AND TAX RETURN INFORMATION UNDER
26 U.S.C. §§6103 AND 7431, DECLARATORY RELIEF UNDER 28 U.S.C. §2201, AND
REPLEVIN OR ALTERNATELY DETINUE UNDER 28 U.S.C. §1651(a)**

COME NOW, Plaintiffs Bancroft Global Development, Michael Stock, and Melissa

Bates Stock (collectively the "Plaintiffs", "Bancroft", or "Stocks") and sue John Koskinen, in

his capacity as Commissioner of the Internal Revenue Service ("IRS"), James B. Comey, in his

capacity as Director of the Federal Bureau of Investigation ("FBI"), Thomas D. Homan, in his

capacity as acting Director, U.S. Immigration and Custom Enforcement ("ICE"), Jeff Sessions,

in his capacity as U.S. Attorney General ("DOJ"), Channing D. Phillips, in his capacity as U.S.

Attorney for the District of Columbia ("U.S.A.-D.C."), Dana J. Boente, in his capacity as U.S.

Attorney for the Eastern District of Virginia ("U.S.A.-E.D.Va".),  and John or Jane Does 1 – 100

(collectively the "Defendants").

Plaintiffs file this First Amended Complaint for Unauthorized Inspection and Disclosure of Tax Returns and Tax Return Information Under 26 U.S.C. §§6103 and 7431, Declaratory Relief under 28 U.S.C. §2201, and Replevin, under 28 U.S.C. §1651(a) as provided by Federal Rule of Civil Procedures, Rule 15, within the requisite twenty-one (21) days, as a matter of course, as follows:

## SUMMARY OF ACTION

1. This is an action for violation of 26 U.S.C. §6103, the statute defining "return information" in taxpayers' tax returns, for resultant damages under 26 U.S.C. §7431(a) and (c), for declaratory relief under 28 U.S.C. §2201, and equitable relief in replevin under 28 U.S.C. §1651(a). Defendant IRS's Revenue Agent Rene Hammett unlawfully and intentionally disclosed to other government agencies, agency personnel, and other third parties and, upon information and belief in violation of Section 6103(a) and (b)(2)(A), taxpayer information. Furthermore, Defendants' Revenue Agent Rene Hammett and Senior Counsel Elizabeth Henn unlawfully disclosed to third parties the existence of audits of the Plaintiffs and other taxpayer information, and predicted the outcome of those audits to other U.S. government organizations years before completing said audits, which disclosures included claiming the IRS would find a basis to revoke Plaintiff Bancroft's tax-exempt 501(c)(3) status.

2. Defendant IRS's misconduct is particularly egregious because Defendant IRS knows Defendant FBI had earlier seized and subsequently lost, misplaced, or destroyed Plaintiffs' records, the very materials Plaintiffs need to respond to the IRS audit.  Indeed, Defendant IRS cites Plaintiffs' inability to produce those records as justification for, inter alia, proposing to revoke Plaintiff Bancroft's tax exempt status. Moreover, other Defendants

exacerbated Defendant IRS's violations by acquiring and unlawfully inspecting Plaintiffs' return information from Defendant U.S.A.-D.C., Defendant IRS and elsewhere.

3.  The loss, misplacement, or destruction of Plaintiffs' property by the Defendants is especially damaging to Plaintiffs. Such misconduct has deprived Plaintiffs of business records vital to Plaintiff Bancroft's global humanitarian mission and irreplaceable evidence that is essential to Plaintiffs' disputes with the IRS on multiple issues.   Plaintiffs therefore seek a declaratory judgment of spoliation for materials Defendants seized and destroyed or misplaced, and a return of whatever materials Defendants still control.

4.  The nature of Plaintiffs' "return information" is personal and confidential. Plaintiffs therefore seek to submit such information under seal.

## THE PARTIES

5.  Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

6.  Bancroft Global Development is a 501(c)(3) corporation formed in 1999 under the laws of the Commonwealth of Virginia, with its principal place of business at 2507 Massachusetts Avenue, NW, Washington, D.C. 20008. Bancroft actively provides education and training for foreign governments and international organizations in disciplines such as explosive ordnance disposal, emergency medicine, and law enforcement, in order to protect civilians and help such areas recover and develop economically. International media, including The New York Times and the Wall Street Journal, have covered Bancroft's charitable mission.

7.  Plaintiff Michael Stock is President and Director of Bancroft, and is a resident of the Commonwealth of Virginia.

8. Plaintiff Melissa Bates Stock is Secretary and Director of Bancroft, and is a resident of the Commonwealth of Virginia.

9. Defendant John Koskinen is Commissioner of the Internal Revenue Service, the agency employing Revenue Agent Hammett and Senior Counsel Henn.

10. Defendant James B. Comey is the Director of the Federal Bureau of Investigation.

11. Defendant Thomas D. Homan is the Acting Director, U.S. Immigration and Customs Enforcement.

12. Defendant Jeff Sessions is the Attorney General of the United States.

13. Defendant Channing Phillips is the United States Attorney for the District of Columbia.

14. Defendant Dana J. Boente is the U.S. Attorney for the Eastern District of Virginia.

15. Defendant John Koskinen may be served by delivering a copy, by certified mail, of the summons and this amended complaint to John Koskinen, Commissioner of the Internal Revenue Service, 1111 Constitution Avenue, NW, Washington, DC 20224-0002, by also serving a copy of the summons and this amended complaint by certified mail on Channing D. Phillips, United States Attorney for the District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530, and by sending a copy of the summons and this amended complaint by certified mail to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

16. Defendant James B. Comey may be served by delivering a copy by certified mail of the summons and this amended complaint to James B. Comey, Director, Federal Bureau of Investigation, FBI Headquarters, 935 Pennsylvania Avenue, NW, Washington, D.C. 20535-0001, by serving a copy of the summons and this amended complaint by certified mail on Channing D. Phillips, United States Attorney for the District of Columbia, United States

Attorney's Office, 555 4th Street, NW, Washington, DC 20530, and by sending a copy of the summons and this amended complaint by certified mail to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

17. Defendant Thomas D. Homan may be served by delivering a copy by certified mail of the summons and this amended complaint to Thomas D. Homan, Acting Director, U.S. Immigration and Customs Enforcement, 500 12th St., SW, Washington, D.C. 20536, by serving a copy of the summons and this amended complaint by certified mail on Channing D. Phillips, United States Attorney for the District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530, and by sending a copy of the summons and this amended complaint by certified mail to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

18. Defendant Jeff Sessions may be served by delivering a copy by certified mail of the summons and this amended complaint to The Honorable Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001, by serving a copy of the summons and this amended complaint by certified mail on Channing D. Phillips, United States Attorney for the District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530, and by sending a copy of the summons and this amended complaint by certified mail to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

19. Defendant Channing Phillips may be served by delivering a copy by certified mail of the summons and this amended complaint to Channing D. Phillips, United States Attorney for

the District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530, by serving a copy of the summons and this amended complaint by certified mail on Channing D. Phillips, United States Attorney for the District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530, and by sending a copy of the summons and this amended complaint by certified mail to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

20. Defendant Dana J. Boente may be served by delivering a copy by certified mail of the summons and amended complaint to Dana J. Boente, U.S. Attorney for the Eastern District of Virginia, Justin W. Williams United States Attorney's Building, 2100 Jamieson Ave., Alexandria, VA 22314, by serving a copy of the summons and this amended complaint by certified mail on Channing D. Phillips, United States Attorney for the District of Columbia, United States Attorney's Office, 555 4th Street, NW, Washington, DC 20530, and by sending a copy of the summons and this amended complaint by certified mail to Jeff Sessions, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

21. Defendants John or Jane Doe 1-100 are individuals or entities that committed or conspired with the named Defendant to engage in the unlawful activities described in this amended complaint, and are therefore sued in this action under fictitious names because their true names and capacities are unknown, due in part to Defendants' knowing and willful failure to comply with 26 U.S.C. §7602(c). Plaintiffs will seek leave to amend this complaint to insert such true names and capacities. Plaintiffs are informed and believe, and on that basis aver,

that each Doe Defendant acted with the named Defendants and is therefore responsible for the harm and damages Plaintiffs now plead.

## STATEMENT OF FACTS

22. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

### Bancroft Global Development-History and Mission

23. Michael Stock founded Bancroft Global Development in 1999 to combat the harm done to innocent civilians by landmines, unexploded rockets, bombs, and artillery and other ordnance known as remnants of war ("ERW") by providing education, training, and technical assistance for the detection and clearance, and ultimate disposal, demilitarization, physical security, and stockpile management of such ERW's.

24. In 2004, the U.S. Government began funding Plaintiff Bancroft's efforts. Plaintiff Bancroft then expanded its recruiting efforts and its operations while gaining the trust and confidence of such foreign interests otherwise beyond the reach of U.S. Government relations.

25. Plaintiff Bancroft's humanitarian activities in war-torn regions, like Somalia, have earned high praise from private, non-governmental, and governmental organizations. For example:

    25.1.    While training African Union peacekeepers in Mogadishu, Somalia, Bancroft personnel confiscated from smugglers and cared for endangered species, including lion cubs. http://www.earthtimes.org/conservation/two-rare-lion-cubs-saved-somalia/612/.

    25.2.    As described by Bronwyn E. Bruton and Paul D. Williams in their "Counterinsurgency in Somalia-Lessons Learned from the African Union Mission in Somalia, 2007-2013" published by the Joint Special Operations University, at MacDill Air Force Base, Tampa, Florida: "[i]n 2009, the U.S. Department of State identified

Bancroft's mentoring activities as a potential success factor and began providing its own funding support in order to ramp up the scale of this training...[w]ith this and other funding, Bancroft then expanded its range of mentorship...to include additional areas such as civilian-military cooperation, combat engineering, operations, counter-IED operations, explosive ordnance disposal, information analysis, logistics, and medical training and casualty evacuations...Bancroft is distinguished by its careful conformity with the conditions of the arms embargo on Somalia established by U.N. Security Resolution 1772 (2007). https://jsou.socom.mil

25.3.   National media have also reported Bancroft's activities and successes. The Wall Street Journal and the New York Times have provided extensive coverage of Plaintiff Bancroft's charitable and educational mission and Plaintiff Michael Stock's role in supporting that mission. See, e.g., respectively: https://www.wsj.com/articles/SB10001424127887323820304578410573747048086, and http://www.nytimes.com/2011/08/11/world/africa/11somalia.html.

**Defendants' Search and Seizure**

26. On January 24, 2011 Defendant ICE seized Plaintiff Michael Stock's laptop as part of an investigation of potential violations of 22 U.S.C. § 2278, which was closed without action on May 21, 2013.  Relatedly, on November 9, 2011 Special Agents of the FBI Washington, DC field office and ICE Special Agents ("Federal Agents"), served a search and seizure warrant on Plaintiffs Stocks' home at 8537 Georgetown Pike, McLean, VA.

27. On November 9, 2011, Federal Agents also served a search and seizure warrant on the business location of Bancroft Global Development, 2507 Massachusetts Avenue, NW, Washington, D.C. 20008.

28. Plaintiff Melissa Bates Stock consented to Federal Agents searching a secure storage unit at 1751 Old Meadow Road, Unit 26, McLean, VA 22102. Federal Agents searched the storage unit on November 10, 2011.

29. In the searches of Plaintiffs' home, business, and storage unit, Federal Agents seized essentially all Plaintiffs' electronic media and paper documents, including computers, mobile phones, electronic storage devices, business records, and even a framed cartoon Defendant FBI documented as, "framed art with sensitive information".

30. The seized computers, mobile phones, electronic storage devices, and documents contained not only virtually all Plaintiff Bancroft's proprietary company information and Plaintiffs Stocks' personal financial records and other property, but information used by Plaintiffs in their humanitarian work with foreign governments and international organizations, including the United Nations, a major Bancroft sponsor.  The electronic and paper records seized by Defendant FBI and Defendant ICE contained Plaintiffs' tax returns and return information, including documentation of the nature, source, and amount of Plaintiffs' income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, and tax payments.

31. At no time during or after Defendants' seizure of Plaintiffs' materials and other property did any Defendant invoke Civil Forfeiture procedures under 18 U.S.C. §983. Consequently, Plaintiffs received no notice their property would be retained by Defendants nor that Plaintiffs could petition for return of their property under such Civil Forfeiture procedures.

**The IRS Audit**

32. On December 20, 2011, barely a month after Defendants FBI and ICE seized Plaintiffs' computers, data, and other property, Defendant IRS opened an audit of Plaintiff Bancroft's

tax returns for the years 2008 through 2010. Later, in 2013, Defendant IRS opened an audit of Plaintiffs Stocks' tax returns for the same tax years. Defendant IRS's Revenue Agent Hammet conducted those audits.

33. Defendant IRS's Revenue Agent Hammett sought access to Plaintiffs' materials seized on November 9 and 10, 2011. She enjoyed years of access to Plaintiffs' records and property kept by a U.S. Government agency at an undisclosed location.

34. In conducting the audit, Defendant's Agent Hammett unlawfully with gross negligence or intentionally disclosed the existence of the audit to other government agencies and third parties, including the U.S. Attorney for the District of Columbia, the FBI, and at least one Federal agency with a contractual relationship with Bancroft. Defendant's Revenue Agent Hammett also intentionally and unlawfully informed one or more such government agencies and third parties, upon information and belief, that Bancroft's tax-exempt status would be revoked, and, upon information and belief, Defendant's Agent Hammett intentionally and unlawfully provided Plaintiffs' financial and other records to one or more such third parties.

35. Defendant IRS conclusively and repeatedly admitted its gross negligence or intentional disclosure of its audits and Plaintiffs' return information. For example, and without limitation, on February 25, 2016, Defendant IRS, through its EO Third Party Contact Coordinator, Maureen E. Hardy, disclosed four specific third party contacts, the oldest of which were committed December 3, 2012. In violation of 26 U.S.C. Section 7602(c)(2), Defendant IRS has never produced a full or accurate record to Plaintiffs of third-party contacts.  Exhibit 1 reflects Defendant IRS's written admission of such violations.

36. In its letter of February 25, 2016 ("February 25 IRS Letter"), Defendant IRS represented no requirement exists to disclose contacts "made with any office of any local, state, federal, or

foreign government".   However, Plaintiffs' counsel reminded Defendant IRS that "Treas. Reg. 301.7602-2(f)(5) provides that " Section 7602 does not apply to any contact with any office of any local, state, Federal or foreign governmental entity except for contacts concerning the taxpayer's business with the government office contacted, such as the taxpayer's contracts with or employment by the office".   In response, Defendant IRS, through Maureen E. Hardy, sent an April 15, 2016 letter ("April 15 IRS Letter"), effectively conceded Defendant's blanket refusal to disclose "contacts made with any office or any local, state, federal or foreign government" was wrong. Instead, Defendant IRS sought to conceal such third-party government contacts. Defendant IRS wrote, "[a]s you know, much of the information in the examination of Bancroft Global Development, Inc. [sic] is classified information, and thus cannot be stored in IRS records. Some of the names of persons who meet the definition of third party contacts are classified information. I believe you are aware of all of the third parties to whom IRS agents have spoken. However, if you need confirmation of that information, the agents can provide that to you the next time you meet with them in a secure location." See Exhibit 1 attached.

37.  Defendant IRS's April 15 Letter is false.  Exhibit 2 is the last page of a document produced on May 6, 2016 by Defendant IRS to Plaintiffs.  It lists nine (9) names of "OGA Third-Party Contacts", who are identified only by first name and last initial.  Plaintiff Bancroft has not contracted or otherwise maintained a relationship with any organization or persons whose identities are classified under 50 U.S.C. §3126(4) or other authorities. Defendant IRS disclosed the existence of third-party contacts with deliberately incomplete identifying information, while falsely claiming that the identities of the third-party contacts are classified.   Subsequent to Defendant IRS's April 15 Letter, Plaintiffs sought to avail

themselves of Defendant IRS's offer to disclose the identities of additional third party contacts during a meeting in a secure location, but nearly a year later Defendant IRS has still not agreed to schedule such a meeting. The April 15 IRS Letter further represents that IRS files do not identify the additional third-party contacts, which raises significant doubt that Defendant IRS is able to discharge its statutory obligation to disclose such contacts or that Plaintiffs have any means to verify the accuracy or completeness of third-party contacts that Defendant IRS may disclose. As such, Defendant IRS has repeatedly violated Section 6103 and continues to conceal evidence of such violations.

### Defendant ICE's Commingled Return of Classified and Unclassified Materials to Plaintiffs' Counsel.

38. Plaintiffs, through counsel informed Assistant U.S. Attorney for the District of Columbia, Jonathan Malis, on October 16, 2012, of Plaintiffs' pressing need for return of their seized records, including original accounting documentation, to comply with Defendant IRS's Information Document Request. See Exhibit 3 attached.

39. Over six months later, on April 30, 2013, Defendant IRS's Revenue Agent Hammett represented that she maintained ongoing communications with Defendant U.S.A.-D.C. including an email to Plaintiffs' tax counsel, Craig Peters, to advise Plaintiffs' property was "ready to be released to Mr. Stock, if they haven't already been released." See Exhibit 4 attached.

40. On or about May 23, 2013, Defendant U.S.A.-D.C., through its Jay I. Bratt, Deputy Chief, National Security Section, advised Plaintiffs' counsel that the investigation of 22 U.S.C. §39 had been closed without further action of any kind. Mr. Bratt advised Plaintiffs their documents and other property were separated between claimed classified documents and property, on the one hand, and unclassified, documents and property, on the other. Mr. Bratt

also represented Plaintiffs' unclassified property and documents would be returned via counsel and the documents that were classified would be sent to an unspecified U.S. Government facility. Mr. Bratt indicated that, inter alia, Plaintiffs' five laptops and three desktops had been "returned to the agency which owns the information at issue" because "they (computers) cannot be stored or maintained in areas that are not approved for storage of classified information", a curious assertion because Plaintiffs maintain a facility security clearance and personal security clearances for all the material. See Exhibit 5 attached.

41. On July 11, 2013, Defendant FBI delivered to Plaintiffs' counsel, who lack security clearances, boxes of Plaintiffs' unsegregated classified and unclassified materials that had been seized on November 9, 2011. The materials, however, did not include much of the Plaintiffs' financial and other records, which were necessary to respond to the ongoing audits of Bancroft and the Stocks. The missing information contained large quantities of Plaintiffs' return information.  In fact, Defendant's documentation of the items returned confusingly listed items that were not included on the inventory of items seized, failed to list items actually returned, included Plaintiffs' electronic media wiped clean of all Plaintiffs' data, and even returned items that had been obviously destroyed while in Defendants' custody.

42. Some two years later, on or about June 24, 2015, Defendant ICE Special Agents delivered two (2) boxes of Plaintiffs' unclassified property and documents to Plaintiff Bancroft's Washington, D.C., offices. Defendant's Special Agents did not explain how or why Defendant had custody of Plaintiffs' unclassified property and documents, despite representations by Defendant U.S.A.-D.C. that all material seized on November 9, 2011, had either been returned or sent to the U.S. Government agency that owned certain classified information. Defendant ICE's Special Agents refused to address how long Plaintiffs'

unclassified documents and property were in Defendant's custody and whether additional Plaintiffs' property was still in custody of ICE. Defendant ICE's Special Agents refused to disclose where the classified property and documents formerly in Plaintiffs' custody and control were being stored, or what agency had custody of such property and documents.

43. After none of the Defendants would respond to Plaintiffs' request for information about this disposition of, and access to, on Plaintiffs' property, which is essential to continuing audits on November 7, 2016, Plaintiffs' counsel, Stewart Baker ("Mr. Baker"), then sent letters to U.S. Attorney for the District of Columbia through James H. Dinan, Principal Assistant U.S. Attorney, and Alan Salsbury, Chief Criminal Division of the U.S. Attorney's office for the Eastern District of Virginia, demanding return of all Plaintiffs' property and documents, and an accounting of the chain of custody of Plaintiffs' property and documents. Mr. Baker noted Defendants U.S.A.-D.C. and E.D.Va., had closed investigations under which the materials were seized with no action, and therefore had no lawful basis to continue withholding Plaintiffs' documents needed in the audits and qualification matters. See Exhibit 6 attached.

44. From on or about December 14, 2016 to this date, Assistant U.S. Attorney for the District of Columbia Ken Kohl, failed to report any location of Plaintiffs' records.

45. On January 10, 2017, James Gillis, in the offices of the U.S. Attorney for the Eastern District of Virginia, responded to Mr. Baker's demand for return of all Plaintiffs' remaining property and documents, and an accounting of the chain of custody of Plaintiffs' missing property and documents. Mr. Gillis advised his office was "working on finding where Plaintiffs' records went." More than three months after Plaintiffs' demand, however, the office of the U.S. Attorney for the Eastern District of Virginia has provided no information suggesting it has located the Plaintiffs' records.

46. Despite all its efforts to secure the return of their property, no Defendant identified the whereabouts or confirmed the continued existence of Plaintiffs' seized property.

## COUNT 1
## VIOLATION OF 26 U.S.C. §6103
## (BY PLAINTIFF BANCROFT AGAINST DEFENDANT IRS)

47. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

48. Defendant IRS, through its Agent Hammett, have by gross negligence, and not by mere negligence or good faith, intentionally and unlawfully disclosed the existence of its audit of Plaintiff's Bancroft "return information" to others in violation of 26 U.S.C. §§6103(a) and (b)(2)(A).

49. The number of unauthorized disclosures of Plaintiff's return information cannot now be completely and accurately known but will be uncovered after the completion of discovery. At minimum, Defendant IRS is liable for judgment in an amount not less than the greater of $1,000 per violation or Plaintiff's actual damages, and punitive damages for each unauthorized release of Plaintiff's return information and disclosure of the audit together with Plaintiff's legal fees and costs, and cost of this action.

WHEREFORE, Plaintiff prays this Court finds Defendant IRS, through its Revenue Agent Hammett, willfully and unlawfully disclosed the existence of its audits and of Plaintiff's return information in violation of 26 U.S.C. §6103, award Plaintiff's judgment in an amount not less than the greater of $1,000 per violation or Plaintiff's actual damages and punitive damages, and for such other relief as this Court deems just and proper.

**COUNT 2**
**VIOLATION OF 26 U.S.C. §6103**
**(BY PLAINTIFFS STOCKS AGAINST DEFENDANT IRS)**

50. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

51. Defendant IRS, through its Agent Hammett, have by gross negligence, and not by mere negligence or good faith, intentionally and unlawfully disclosed the existence of its audit of Plaintiffs Stocks' "return information" to others in violation of 26 U.S.C. §§6103(a) and (b)(2)(A).

52. The number of unauthorized disclosures of Plaintiffs' return information cannot now be completely and accurately known but will be uncovered after the completion of discovery. At minimum, Defendant IRS is liable for judgment in an amount not less than the greater of $1,000 per violation or Plaintiffs' actual damages, and punitive damages for each unauthorized release of Plaintiffs' return information and disclosure of the audit together with Plaintiffs' legal fees and costs, and cost of this action.

WHEREFORE, Plaintiffs pray this Court finds Defendant IRS, through its Revenue Agent Hammett, willfully and unlawfully disclosed the existence of its audits and of Plaintiffs' return information in violation of 26 U.S.C. §6103, award Plaintiffs' judgment in an amount not less than the greater of $1,000 per violation or Plaintiffs' actual damages and punitive damages, and for such other relief as this Court deems just and proper.

**COUNT 3**
**VIOLATION OF 26 U.S.C. §7431**
**(BY PLAINTIFF BANCROFT AGAINST DEFENDANT IRS)**

53. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

54. Defendant IRS, through its Revenue Agent Hammett, have acted willfully or with gross negligence in violation of 26 U.S.C. §7431, and are therefore liable for Plaintiff's actual and punitive damages, Plaintiff's reasonable attorneys' fees and costs, and the costs of this action.

WHEREFORE, Plaintiff prays this Court finds Defendant IRS, through its Revenue Agent Hammett, willfully and unlawfully disclosed Plaintiff's return information in violation of 26 U.S.C. §7431, award Plaintiff damages to be proven at trial, additional punitive damages, and award such other relief as this Court deems just and proper.

**COUNT 4**
**VIOLATION OF 26 U.S.C. §7431**
**(BY PLAINTIFFS STOCKS AGAINST DEFENDANT IRS)**

55. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

56. Defendant IRS, through its Revenue Agent Hammett's disclosure of the audits and Plaintiffs' taxpayer information to third parties, have injured Plaintiffs' standing and reputation.

57. Defendant IRS, through its Revenue Agent Hammett, have acted willfully or with gross negligence in violation of 26 U.S.C. §7431, and are therefore liable for Plaintiffs Stocks' actual and punitive damages, Plaintiffs' reasonable attorneys' fees and costs, and the costs of this action.

WHEREFORE, Plaintiffs pray this Court finds Defendant IRS, through its Revenue Agent Hammett, willfully and unlawfully disclosed Plaintiffs' return information in violation of 26 U.S.C. §7431, award Plaintiffs damages to be proven at trial, additional punitive damages, and award such other relief as this Court deems just and proper.

**COUNT 5**
**VIOLATION OF 26 U.S.C. §6103**
**(BY PLAINTIFF BANCROFT AGAINST DEFENDANTS FBI, ICE, DOJ, U.S.A.-D.C., AND U.S.A.-E.D.VA)**

58. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

59. Defendants FBI, ICE, DOJ, U.S.A.-D.C., and U.S.A.-E.D.VA, have by gross negligence, and not by mere negligence or good faith, intentionally and unlawfully disclosed Plaintiff's Bancroft "return information" to others in violation of 26 U.S.C. §§6103(a) and (b)(2)(A).

60. The number of unauthorized disclosures of Plaintiff's return information cannot now be completely and accurately known but will be uncovered after the completion of discovery. At minimum, Defendants FBI, ICE, DOJ, U.S.A.-D.C., and U.S.A.-E.D.VA, are liable for judgement in an amount not less than the greater of $1,000 per violation or Plaintiff's actual damages, and punitive damages for each unauthorized release of Plaintiff's return information and disclosure of the audit together with Plaintiff's legal fees and costs, and cost of this action.

61. WHEREFORE, Plaintiff prays this Court finds Defendants FBI, ICE, DOJ, U.S.A.-D.C., and U.S.A.-E.D.VA, willfully and unlawfully disclosed the existence of its audits and of Plaintiff's return information in violation of 26 U.S.C. §6103, award Plaintiff's judgment in an amount not less than the greater of $1,000 per violation or Plaintiff's actual damages and punitive damages, and for such other relief as this Court deems just and proper.

**COUNT 6**
**VIOLATION OF 26 U.S.C. §6103**
**(BY PLAINTIFFS STOCKS AGAINST DEFENDANTS FBI, ICE, DOJ, U.S.A.-D.C.,**
**AND U.S.A.-E.D.VA)**

62. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

63. Defendants FBI, ICE, DOJ, U.S.A.-D.C., and U.S.A.-E.D.VA, have by gross negligence, and not by mere negligence or good faith, intentionally and unlawfully disclosed Plaintiffs Stocks' "return information" to others in violation of 26 U.S.C. §§6103(a) and (b)(2)(A).

64. The number of unauthorized disclosures of Plaintiffs' return information cannot now be completely and accurately known but will be uncovered after the completion of discovery. At minimum, Defendants FBI, ICE, DOJ, U.S.A.-D.C., and U.S.A.-E.D.VA, are liable for judgment in an amount not less than the greater of $1,000 per violation or Plaintiffs' actual damages, and punitive damages for each unauthorized release of Plaintiffs' return information and disclosure of the audit together with Plaintiff's legal fees and costs, and cost of this action.

65. WHEREFORE, Plaintiffs pray this Court finds Defendants FBI, ICE, DOJ, U.S.A.-D.C., and U.S.A.-E.D.VA, willfully and unlawfully disclosed the existence of its audits and of Plaintiffs' return information in violation of 26 U.S.C. §6103, award Plaintiffs' judgment in an amount not less than the greater of $1,000 per violation or Plaintiffs' actual damages and punitive damages, and for such other relief as this Court deems just and proper.

**COUNT 7**
**VIOLATION OF 26 U.S.C. §7431**
**(BY PLAINTIFF BANCROFT AGAINST DEFENDANTS FBI, ICE, DOJ, U.S.A.-D.C., U.S.A.-E.D.VA, AND JOHN DOES 1-100)**

66. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

67. Defendants FBI, ICE, DOJ, U.S.A.-D.C., U.S.A.-E.D.VA, and John Does 1-100, have acted willfully or with gross negligence in violation of 26 U.S.C. §7431, and are therefore liable for Plaintiff's actual and punitive damages, Plaintiff's reasonable attorneys' fees and costs, and the costs of this action.

WHEREFORE, Plaintiff prays this Court finds Defendants FBI, ICE, DOJ, U.S.A.-D.C., U.S.A.-E.D.VA, and John Does 1-100, willfully and unlawfully disclosed Plaintiff's return information in violation of 26 U.S.C. §7431, award Plaintiff damages to be proven at trial, additional punitive damages, and award such other relief as this Court deems just and proper.

**COUNT 8**
**VIOLATION OF 26 U.S.C. §7431**
**(BY PLAINTIFFS STOCKS AGAINST DEFENDANTS FBI, ICE, DOJ, U.S.A.-D.C., U.S.A.-E.D.VA, AND JOHN DOES 1-100)**

68. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

69. Defendants FBI, ICE, DOJ, U.S.A.-D.C., U.S.A.-E.D.VA, and John Does 1-100, have acted willfully or with gross negligence in violation of 26 U.S.C. §7431, and are therefore liable for Plaintiffs' actual and punitive damages, Plaintiffs' reasonable attorneys' fees and costs, and the costs of this action.

WHEREFORE, Plaintiffs pray this Court finds Defendants FBI, ICE, DOJ, U.S.A.-D.C., U.S.A.-E.D.VA, and John Does 1-100, willfully and unlawfully disclosed Plaintiffs' return

information in violation of 26 U.S.C. §7431, award Plaintiffs an amount not less than the greater of $1,000 per violation or Plaintiffs' actual damages, additional punitive damages, and award such other relief as this Court deems just and proper.

**COUNT 9**
**DECLARATORY JUDGMENT OF SPOLIATION UNDER 28 U.S.C. §2201**
**(BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**

70. Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

71. Plaintiffs will submit spoliation claims for damages to all the named Defendants under the Federal Tort Claims Act (28 U.S.C. §1346), and may seek leave to amend this complaint, if Defendants fail to act upon such claims within the six-month statutory period for granting or denying such claims, or sooner, for any such Defendants' claim denial before expiration of the six-month period. In the interim, however, an actual case and controversy exists over Defendants' spoliation actions, and Plaintiffs are therefore entitled to a declaratory judgment on spoliation.

72. The foregoing establish one or more Defendants have destroyed Plaintiffs' materials and other property in such Defendants' care and custody. Accordingly, Defendants have spoliated Plaintiffs' evidence.

WHEREFORE, Plaintiffs pray this Court issue a Declaratory Judgment finding Defendants and each one of them destroyed, lost, broken, or otherwise deprived Plaintiffs of their property and materials in violation of Defendants' duties to Plaintiffs, and for such other relief as this Court deems just and proper.

## COUNT 10
## REPLEVIN OR ALTERNATELY DETINUE UNDER 28 U.S.C. §1651(a) (ALL WRITS ACT)
## (BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS)

**73.** Plaintiffs re-allege and incorporate by reference the foregoing allegations as if such allegations had been fully presented in this paragraph.

**74.** Defendant IRS' Revenue Agent Hammett has repeatedly criticized Plaintiffs' responses to her audit inquiries, by characterizing such responses as incomplete or uncooperative while knowing Plaintiffs could not properly respond without access to, for example, their financial records seized and never returned. Such circumstances caused by all Defendants have and continue to place Plaintiffs in a real "Catch-22" unless and until all Plaintiffs' records and other property are returned intact to them.

**75.** Defendants have not returned Plaintiffs' remaining property.

**76.** Plaintiffs are entitled to return of their remaining property from whatever location such property is held, and from whatever government agency has custody of such remaining property.

**77.** No adequate remedy exists at law to compel the expeditious return of Plaintiffs' remaining property.

**78.** Without a return of Plaintiffs' remaining property, including their financial records Plaintiffs will be irrevocably harmed without access to their records to support their positions in Defendant IRS's audits and Plaintiff Bancroft's continuation of its tax exempt status, a necessary provision to continue Plaintiff Bancroft's public service.

WHEREFORE, Plaintiffs demand issuance of a writ of replevin or alternately detinue to all Defendants for the immediate accounting and return of all Plaintiffs' remaining property from Defendants  and each one of them, and such other and such other relief as this Court deems just and proper.

 DATE March 29, 2017

Respectfully submitted,

SHAWNCOULSON, LLP

By: /s/ William H. Shawn
William H. Shawn
ShawnCoulson, LLP
D.C. Bar No. 198416
1850 M Street, N.W. Suite 280
Washington, D.C. 20036-5804
Telephone:  202.331.2300
Fax: 202-664-8383
wshawn@shawncoulson.com

*Attorney for Plaintiffs*