**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BANCROFT GLOBAL DEVELOPMENT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-395 (RC) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO THE SECOND AMENDED COMPLAINT

Defendants the United States of America, Ronald D. Vitiello, Deputy Director and Senior

Official Performing the Duties of Director of the United States Immigration and Customs

Enforcement ("ICE") [1], Christopher Wray, Director of the Federal Bureau of Investigation

("FBI")[2], Jessie K. Liu, United States Attorney for the District of Columbia,[3] and G. Zachary

Terwilliger, U.S. Attorney for the Eastern District of Virginia,[4] (collectively "the United

---

[1] Original Federal Defendant Thomas D. Homan was the Director of ICE at the time this suit was filed. As Director Homan was sued only in his official capacity, he is no longer a proper defendant in this case. Pursuant to Fed. R. Civ. P. 25(d), Deputy Director and Senior Official Performing the Duties of Director of ICE Ronald Vitiello is automatically substituted for former Director Homan.

[2] Original Federal Defendant Andrew McCabe was the Acting Director of the FBI at the time this suit was filed. As Acting Director McCabe was sued only in his official capacity, he is no longer a proper defendant in this case. Pursuant to Fed. R. Civ. P. 25(d), current Director of FBI Christopher Wray is automatically substituted for former Acting Director McCabe.

[3] Original Federal Defendant Channing Phillips was the U.S. Attorney for the District of Columbia at the time this suit was filed. As U.S. Attorney Phillips was sued only in his official capacity, he is no longer a proper defendant in this case. Pursuant to Fed. R. Civ. P. 25(d), current U.S. Attorney Jessie K. Liu is automatically substituted for former Acting Director McCabe.

[4] Original Federal Defendant Dana J. Boente was the U.S. Attorney for the Eastern District of Virginia at the time this suit was filed. As U.S. Attorney Boente was sued only in his official capacity, he is no

States"), by and through the undersigned counsel, answers Plaintiffs' Second Amended

Complaint ("SAC"), ECF No. 36.  In answering the SAC, the United States denies each and

every allegation therein that is not specifically admitted below.  The United States answers the

numbered paragraphs of that pleading as follows:

## **Nature of the Action**

1.      This paragraph constitutes Plaintiffs' characterization of this action, to which no

response is required.  To the extent that a response could be deemed required, the United States

admits that the Plaintiffs filed this suit seeking relief pursuant to Fed. R. Cr. P. 41(g), the Court's

equitable authority, and 26 U.S.C. §§ 6103 and 7431 as alleged in paragraph 1 of the SAC.  The

United States denies that there was an improper disclosure of Plaintiffs' return information and

further denies that Plaintiffs are entitled to requested relief as alleged in paragraph 1.

2.      The United States admits that in November 2011, FBI and ICE agents seized

records from Plaintiffs pursuant to three duly executed search warrants, as alleged in paragraph 2

of the Second Amended Complaint. The United States lacks knowledge or information sufficient

to form a belief as to whether these were "essentially all" of Plaintiffs' hardcopy records and

electronic media, as alleged in paragraph 2, and therefore, denies the allegation.

3.      The United States admits that the investigation closed without any charges

being brought and admits that certain records have not been returned to Plaintiffs but denies that

any records have been destroyed or improperly withheld.

4.      The United States admits that there was more than one audit and that formal

Informational Document Requests were issued to Plaintiffs but denies that there were "several"

---

longer a proper defendant in this case.  Pursuant to Fed. R. Civ. P. 25(d), current U.S. Attorney G.
Zachary Terwilliger is automatically substituted for former U.S. Attorney Boente.

audits as alleged in in the first sentence of paragraph 4 of the SAC.  The United States denies that none of the seized property was returned and admits that no document-by-document accounting of the seized records has been provided to Plaintiffs, but lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs have been unable to respond to requests for information, as alleged in the second sentence of paragraph 4 of the SAC, and, therefore, denies the allegation.

5.      The United States denies the first sentence of paragraph 5 of the SAC. The United States avers that the audits were completed in 2016 and are now in IRS Appeals.  With respect to the second sentence of paragraph 5, this constitutes Plaintiffs' statement of intent in bringing this action and the relief sought, to which no response is required.  To the extent that a response could be deemed required, the United States admits that Plaintiffs seek to compel the government to produce seized records as alleged in the second sentence of paragraph 5 of the SAC but denies as a conclusion of law that Plaintiffs are entitled to such relief  and further lacks knowledge or information sufficient to form a belief as to whether such information is relevant to their ongoing tax proceedings as alleged therein and, therefore, denies the allegation.

6.      The United States denies the allegations in the first sentence of paragraph 6 of the SAC.

a.      The United States denies that ICE agents provided property seized from Plaintiffs to another governmental agency, but admits that the FBI transferred custody of certain records to another governmental agency.  The United States lacks knowledge as to whether these records contained "sensitive tax information," and, therefore denies the allegation.

b.      The allegations in paragraph 6.b constitute a legal conclusion, to which no response is required.  To the extent that a response is deemed required, the United States denies the allegations in paragraph 6.b of the SAC.

c.      The United States objects to terms "details about the ongoing audit" and to the definition of the term "Government Agency" as vague and ambiguous. Subject to this objection, the United States denies that the program sponsor ("Program Sponsor") disclosed Tax Return Information described in paragraph 6.b., resulting in Bancroft's loss of a valuable contract.

7.      The United States admits that Plaintiffs seek relief as alleged in paragraph 7 of the SAC but denies that they are entitled to any relief and further denies that there was an unlawful disclosure of their tax information as alleged therein.

## Jurisdiction and Venue

8.      The allegations in paragraph 8 constitute Plaintiffs' statement of intent in bringing this action and the relief sought, to which no response is required.  To the extent that a response could be deemed required, the United States admits that the Plaintiffs seek relief pursuant to Fed. R. Cr. P. 41(g) and the Court's equitable authority to recover certain property seized by the government in November 2011 pursuant to a search warrant as alleged in paragraph 8 of the SAC.  The United States further admits that Plaintiffs seek relief pursuant to 26 U.S.C. §§ 6103 and 7431 as alleged in paragraph 8.  The United States denies that Plaintiffs are entitled to the requested relief and further denies that there was an improper disclosure of Plaintiffs' return information as alleged in paragraph 8.

9.      The United States admits the allegations in paragraph 9 of the SAC.

10.     The allegations in paragraph 10 constitute legal conclusions and the relief sought by Plaintiffs, to which no response is required.  Additionally, Rule 41(g) speaks for itself and is the best evidence of its contents.

11.      The allegations in paragraph 11 include a legal conclusion to which no response is required.   The United States admits that it is not engaged in any open criminal investigations or proceedings related to the property.

12.     The allegations in paragraph 12 constitute legal conclusions, to which no response is required.  The United States denies that improper disclosures occurred in this District, as alleged in paragraph 12 of the SAC.  The United States admits that federal prosecutors in the District of Columbia oversaw much of the criminal investigation into Bancroft's activities.

13.     The United States admits the allegations in paragraph 13 of the SAC.

14.     The United States lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 of the SAC and, therefore, denies the allegations.

15.     The United States admits the allegations in paragraph 15 of the SAC.

16.     The United States admits the allegations in paragraph 16 of the SAC.

17.     The United States admits the first sentence of paragraph 17 of the SAC.  The second sentence of paragraph 17 consists of Plaintiffs' explanation as to how they define the term "United States" in the SAC, which does not require a response.  To the extent a response is required, the United States admits that it is the proper defendant in this lawsuit as to allegations regarding the Internal Revenue Service, the Federal Bureau of Investigation, the U.S. Immigration and Custom Enforcement, the U.S. Attorney's Offices for the District of Columbia and the Eastern District of Virginia, and each agency's agents and representatives.

18.     The United States denies that Thomas Homan is the Director of ICE and avers that Ronald D. Vitiello is the Deputy Director and Senior Official Performing the Duties of Director of ICE.  The United States admits that ICE assisted in a criminal investigation and the search and seizure of certain property Plaintiffs seek to have returned, but denies that ICE retained any of Plaintiffs' property.

19.     The United States denies that Andrew McCabe is the Acting Director of the FBI and avers that Christopher Wray is the Director of the FBI.  The United States admits that FBI agents assisted in the criminal investigation at issue and the search and seizure of property. Plaintiffs seek to have returned, but denies that the FBI currently is in possession of property Plaintiffs seek to have returned.

20.     The United States denies that Channing Phillips is the U.S. Attorney for the District of Columbia, and avers that Jessie Liu is the U.S. Attorney for the District of Columbia. The United States admits that the U.S. Attorney's Office for the District of Columbia was overseeing parts of the FBI and ICE investigations at issue, but denies that it is currently in possession of a portion of the property Plaintiffs seek to have returned.

21.     The United States denies that Dana J. Boente is the U.S. Attorney for the Eastern District of Virginia, and avers that G. Zachary Terwilliger is the U.S. Attorney for Eastern District of Virginia.  The United States admits that the U.S. Attorney's Office for the Eastern District of Virginia was overseeing parts of the FBI and ICE investigations at issue, but denies that it is currently is in possession of a portion of the property Plaintiffs seek to have returned.

## Factual Allegations

22.     The United States admits the allegations in paragraph 22 of the SAC, except to deny that Bancroft's work involved any grants.

23.     The United States admits that Michael Stock and Melissa Bates Stock were previously granted security clearances for classified information related to their work with the Program Sponsor, but denies that they are currently eligible for access to any classified information relating to their prior work with the Program Sponsor.  The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 23 of the SAC and, therefore, denies the allegations.

24.     The United States admits that certain facilities at Bancroft's offices were previously approved for the storage and processing of classified information, but denies that those facilities remain cleared for the storage of classified material relating to Bancroft's prior work with the Program Sponsor.  The United States lacks knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 24 of the SAC and, therefore, denies the allegations.

25.      The United States admits the existence of a criminal investigation of one or more Plaintiffs for violations of 18 U.S.C. § 1924.  The United States lacks knowledge or information sufficient to form a belief as to whether the records seized by the United States were "virtually all" of Bancroft's records, as set forth in heading "A" of the SAC and, therefore, denies the allegations.

26.     The United States admits the lawful execution of three search warrants, as contained in paragraph 26 of the SAC.

27.     The United States admits that certain of its agents seized property belonging to Plaintiffs as authorized by lawful search warrants, as referenced in paragraph 27 of the SAC. The United States lacks knowledge or information sufficient to form a belief as to whether the

records seized by the United States were "essentially all" of Plaintiffs' electronic media and paper records, as alleged in paragraph 27 of the SAC and, therefore, denies the allegation.

28.     The United States admits the allegations contained in paragraph 28 of the SAC.

29.     The United States admits that certain of its agents, pursuant to judicially authorized warrants, seized hardcopy records, as alleged in paragraph 29 of the SAC.

30.     This paragraph contains conclusions of law as to whether materials were "appropriately marked and stored classified material," to which no response is required.  To the extent that a response may be deemed required, the United States lacks knowledge or information sufficient to form a belief as to whether "any inappropriately marked and stored classified material" at the searched premises remained unseized, or whether the records seized constituted "essentially all" of Plaintiffs electronic business and personal records, as set forth in paragraph 30 of the SAC, and therefore, denies the allegations.

31.     The United States admits the allegations in paragraph 31 of the SAC. The United States lacks knowledge or information sufficient to form a belief as to whether Plaintiffs require access to the seized records to respond to IRS audits, as set forth in heading "B" of the SAC and, therefore, denies the allegations.

32.     The United States admits that the IRS issued Information Document Requests during the audit.  The United States denies the remaining allegations in paragraph 32 of the SAC.

33.     The United States admits that counsel for Bancroft contacted Assistant U.S. Attorney Jonathan Malis regarding the status of the seized records and that Mr. Malis ultimately decided not to grant Bancroft access to this material.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the SAC and, therefore, denies the allegations.

34.     The United States admits that it commenced an audit into Michael Stock's and Melissa Stock's personal tax returns for tax years 2008 through 2010 as alleged in paragraph 34 of the SAC but denies the remaining allegations therein.

35.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the SAC and, therefore, denies the allegations.

36.     The United States admits the allegations contained in paragraph 36 of the SAC.

37.     The United States admits that Revenue Agent Hammett sent an email dated April 30, 2013 that stated:

> I was expecting to hear from you regarding the outstanding items soon (including the charts I put together for Mr. Stock to make it easier for him to produce information) based on your last communication. Please let me know what as soon as possible about the status of these items.
>
> In addition to the records which Mr. Stock should have in his possession already, Ms. Henn has been in contact with the US Attorney's office regarding the documents seized during the warrant. We understand that the documents are ready to be released to Mr. Stock, if they haven't already been released. We would appreciate it if Mr. Stock would make arrangements to provide me with the documents that I have requested as soon as possible. If necessary we are ready to issue a summons, but of course, we would not prefer that method. Please let me know if it will be necessary.
>
> Compl. Document 18, Filed 3/30/17 at 9 (Ex. 4).

The United States lacks knowledge or information sufficient to form a belief as to whether any of these documents were responsive and denies the remaining allegation in paragraph 37 of the SAC.

38.     The United States admits that Revenue Agent Hammett sent an email dated April 30, 2013 that stated:

> I was expecting to hear from you regarding the outstanding items soon (including the charts I put together for Mr. Stock to make it easier for him to produce information) based on your last communication. Please let me know what as soon as possible about the status of these items.

> In addition to the records which Mr. Stock should have in his possession already, Ms. Henn has been in contact with the US Attorney's office regarding the documents seized during the warrant. We understand that the documents are ready to be released to Mr. Stock, if they haven't already been released. We would appreciate it if Mr. Stock would make arrangements to provide me with the documents that I have requested as soon as possible. If necessary we are ready to issue a summons, but of course, we would not prefer that method. Please let me know if it will be necessary.

> Compl., Document 18, Filed 3/30/17 at 9 (Ex. 4).

The United States lacks knowledge or information sufficient to form a belief as to whether any of these documents were responsive and denies the remaining allegations in paragraph 38 of the SAC.

39.     The United States admits that Revenue Agent Hammett sent an email dated April 30, 2013 that stated:

> I was expecting to hear from you regarding the outstanding items soon (including the charts I put together for Mr. Stock to make it easier for him to produce information) based on your last communication. Please let me know what as soon as possible about the status of these items.

> In addition to the records which Mr. Stock should have in his possession already, Ms. Henn has been in contact with the US Attorney's office regarding the documents seized during the warrant. We understand that the documents are ready to be released to Mr. Stock, if they haven't already been released. We would appreciate it if Mr. Stock would make arrangements to provide me with the documents that I have requested as soon as possible. If necessary we are ready to issue a summons, but of course, we would not prefer that method. Please let me know if it will be necessary.

Compl., Document 18, Filed 3/30/17 at 9 (Ex. 4). The United States denies the remaining allegations in paragraph 39 of the SAC.

40.     The United States denies the allegations in paragraph 40 of the SAC.

41.     The United States admits the allegations in paragraph 41 of the SAC, except that the United States lacks knowledge or information sufficient to form a belief as to the accuracy of the date listed and, therefore, denies the allegation.  The United States admits that the FBI and

ICE closed the criminal investigation without further action but deny that they have materials belonging to Plaintiff, as alleged in heading "C" of the SAC.

42.     The United States admits the allegations in paragraph 42 of the SAC.

43.     The United States admits the allegations in paragraph 43 of the SAC.

44.     The United States denies that there were "numerous flaws" with the FBI's return of Plaintiffs' property on July 11, 2013, as alleged in the first sentence of paragraph 44 of the SAC. The United States lacks knowledge or information sufficient to form a belief as to whether the materials delivered to Plaintiffs' counsel's law firm lacked information Plaintiffs needed to respond to IRS audits, as set forth in the second sentence of paragraph 44, and therefore, denies the allegation. The United States denies that missing unclassified electronic media and records were sent in error to a classified storage facility at the unidentified government agency, as alleged in the third sentence of paragraph 44. The United States admits that classified and unclassified records were sent to a government agency, as alleged in the fourth sentence of paragraph 44, but the United States denies that records were wrongfully retained. The United States denies that materials clearly marked as classified were wrongfully given to Plaintiffs' counsel's law firm staff, as alleged in the sixth sentence of paragraph 44. The United States lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 44 of the SAC, and therefore, denies the allegations.

45.     The United States admits that Mr. Bratt wrote a letter to Plaintiffs and submits that the letter speaks for itself and is the best evidence of its contents.

46.     The United States admits that Mr. Bratt wrote a letter to Plaintiffs and submits that the letter speaks for itself and is the best evidence of its contents.

47.     The United States denies the allegations contained the first and second sentences of paragraph 47 of the SAC. The United States admits that the criminal investigation was closed without charges, but denies that the criminal investigation was closed without findings that one or more Plaintiffs had mishandled classified information, as alleged in the third sentence of page 47 of the SAC.

48.     The United States lacks knowledge or information sufficient to form a belief as to whether Plaintiffs had the information Plaintiffs needed to respond to ongoing audits, as set forth in paragraph 49 of the SAC, and therefore, denies the allegation.

49.     The United States lacks knowledge or information sufficient to form a belief as to whether Plaintiffs had the information Plaintiffs needed to respond to ongoing audits, as set forth in paragraph 49 of the SAC, and therefore, denies the allegation.

50.     The United States admits that Plaintiff's counsel spoke with government personnel about the return of Plaintiffs' materials, as alleged in paragraph 50 of the SAC. The United States denies that unclassified materials were mistakenly retained, as alleged in paragraph 50 of the SAC.

51.     The United States admits that it refused access to classified materials still in its custody, and admits that it refused to identify where certain classified materials were stored, but denies that it failed to provide a general accounting of materials seized from Plaintiffs, as alleged in paragraph 51 of the SAC.

52.     The United States admits that ICE Special Agent John Dietrich delivered two boxes of documents to Bancroft's office on June 24, 2015.  The United States denies the remaining allegations in paragraph 52 of the SAC.

53.     The United States denies that these two boxes were ever in the possession of the U.S. Customs and Border Protection ("CBP"), admits that CBP did not participate in the seizures, and avers that ICE simply used a CBP form to record the seizure and return of the documents.

54.     The United States denies that CBP had any involvement with the two boxes of documents referenced in paragraph 54 of the SAC or that records in these boxes taken by ICE were "still missing" and admits that any classified information seized has been retained by the Government and Plaintiffs have not been given access to any of it.

55.     The United States admits that certain materials seized from Plaintiffs' remain in its custody, as alleged in paragraph 55 of the SAC, and avers that it intends to return certain records to Plaintiffs, but denies the remaining allegations in paragraph 55 of the SAC.

56.     The United States admits that the criminal investigation referenced in the SAC is over and denies the remaining allegations in paragraph 56 of the SAC.  The United States lacks knowledge or information sufficient to form a belief as to whether Plaintiffs have any harm from not having access to all the seized records, as set forth in heading "D" of the SAC and, therefore, denies the allegations.

57.     The United States admits that the government has not returned all of the seized records and denies the remaining allegations in paragraph 57 of the SAC. The United States further avers that Agent Hammond requested a waiver from Plaintiffs to access the seized documents. However, Plaintiff refused to provide such waiver and has claimed that these documents are privileged.

58.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the SAC and, therefore, denies the allegations. The

United States further avers that, to the extent there is classified material in the seized material, that material is the property of the United States. The United States further avers that Agent Hammond requested a waiver from Plaintiffs to access the seized documents. However, Plaintiff refused to provide such waiver and has claimed that these documents are privileged.

59.    The United States denies the allegations in paragraph 59 of the SAC.

60.    The United States admits that the Plaintiffs' counsel made inquiries to the U.S. Attorney's Office for the District of Columbia and the Eastern District of Virginia regarding the records seized.

61.    The United States admits that Assistant U.S. Attorney Ken Kohl advised Plaintiffs' counsel that he would attempt to provide information about the records requested but denies that Mr. Kohl was unresponsive and avers that Mr. Kohl had no additional information to give Plaintiffs.  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in second sentence of paragraph 61 of the SAC.

62.    The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the SAC as to what is unclear to Plaintiffs, and therefore denies the allegations in paragraph 62 of the SAC.

63.    The United States denies that it has failed to provide any required accounting of the disposition of property seized from Plaintiffs pursuant to judicially authorized warrants.  The United States also denies any implication that it lost, mishandled, or destroyed information belonging to Plaintiffs, as alleged in paragraph 63 of the SAC.

64.    The United States denies the allegations contained in paragraph 64 of the SAC.

65.    The United States denies the first sentence of paragraph 65 of the SAC.  No response is required to the second sentence of paragraph 65, as it consists of Plaintiffs'

characterization of their own case. To the extent a response is necessary, however, the United

States denies the allegations.

66.     The United States denies the allegations in paragraph 66 of the SAC, as well as

the allegations in the headings II and A.

67.     The United States admits that the FBI delivered to Plaintiffs a portion of the

seized property in July 2013, and admits that it was only a portion of the property that was seized

from Plaintiffs, but denies erring in what materials were returned to Plaintiffs.

68.     The United States lacks knowledge or information sufficient to form a belief as

to the truth of the allegations set forth in paragraph 68 of the SAC, and therefore, denies the

allegations.

69.     The United States lacks knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 69 of the SAC, and therefore, denies the

allegations.

70.     The United States denies the allegations in paragraph 70 of the SAC and further

avers that Agent Hammond requested to receive permission from Plaintiffs to access the seized

documents. However, Plaintiffs refused to provide such permission and has claimed that these

documents are privileged.

71.     The United States objects to the terms "missing tax records" and "facility

referenced in this statement" as vague and ambiguous. Subject to this objection, the United

States admits that some material seized from Bancroft is in the possession of the program

sponsor. To the extent the allegations in the last sentence of paragraph 71 of the SAC contain a

legal statement, no response is, or may be, required.  To the extent a response may be required,

the United States denies the allegations in the last sentence of paragraph 71 of the SAC. The United States denies the remaining allegations.

72.     The United States denies the allegations in the first sentence of paragraph 72 of the SAC.  The United States admits that certain government personnel have reviewed certain records seized and stored them in an appropriate facility.

73.     The United States denies the allegations in paragraph 73 of the SAC, as well as the heading in "B."

74.     The United States admits that in July 2012, IRS Counsel Elizabeth Henn contacted Assistant U.S. Attorney Malis about issues related to Bancroft.  The United States denies the remaining allegations in paragraph 74.

75.     The United States denies the allegations in paragraph 75 of the SAC, including subparts 75.a through 75.d, except to admit that Ms. Henn had communications with Mr. Malis concerning Bancroft.

76.     The United States denies the allegations in paragraph 76 of the SAC.

77.     The United States admits that any communications between Ms. Henn and Assistant U.S. Attorney Malis or Deputy Chief Bratt did not seek answers to "audit-related queries" and instead related to requesting access to documents as alleged in paragraph 77 of the SAC.

78.     The United States lacks knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 78 of the SAC and, therefore, denies the allegations.  The United States denies the remaining allegations in paragraph 78, except to admit that Ms. Henn, Mr. Malis and Mr. Bratt had certain communications concerning Bancroft.

79.     The United States denies the allegations in paragraph 79 of the SAC, as well as the allegations in the heading "C."

80.     The United States denies the allegations in paragraph 80 of the SAC.

81.     The United States denies the allegations in the first sentence of paragraph 81 of the SAC.  The United States admits that there was a meeting at IRS' headquarters at some point between employees of the IRS and the Program Sponsor as alleged in the second sentence of paragraph 81 but denies the remaining allegations in that paragraph.

82.     The United States admits that Agent Hammett spoke to Program Sponsor employees during the audit as alleged in paragraph 82 of the SAC.  The United States denies the remaining allegations in paragraph 82.

83.     The United States denies the allegations in the first sentence of paragraph 83 of the SAC.  The United States admits that IRS employee Nancy Todd prepared and signed a handwritten note, dated May 6, 2016, as alleged in the second sentence of paragraph 83 of the SAC.  The United States denies the remaining allegations in the second sentence of paragraph 83.

84.     The United States admits that IRS employees spoke to Program Sponsor employees about income and expenses that were billed by Bancroft but denies that such conversations were unlawful.  The United States denies the remaining allegations in paragraph 84 of the SAC.

85.     The United States denies the allegations in paragraph 85 of the SAC, as well as the allegations in the heading "D."

86.     The United States admits that ICE agents returned two boxes of miscellaneous documents on June 24, 2015.  The United States denies that ICE ever represented to Plaintiffs that all unclassified records had been returned in 2013.

87.     The United States denies the allegations in paragraph 87 of the SAC.

88.     The United States denies the allegations in paragraph 88 of the SAC.

89.     To the extent the allegations in paragraph 89 contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies those allegations.

90.     To the extent the allegations in paragraph 90 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 90 of the SAC.

91.     The United States denies the allegations in paragraph 91 of the SAC.

92.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 92 of the SAC and, therefore, denies the allegations.  The United States further denies the allegations in the heading "E."

93.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 93 of the SAC and, therefore, denies the allegations.

94.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 94of the SAC and, therefore, denies the allegations.

95.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 95 of the SAC and, therefore, denies the allegations.

96.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 96 of the SAC and, therefore, denies the allegations.

97.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 97 of the SAC and, therefore, denies the allegations.

98.     To the extent that this paragraph is referring to Exhibit 2 of the Compl. (Doc. 18 at 5), the United States denies the allegations in paragraph 98 of the SAC. Otherwise, the United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 98 of the SAC and, therefore, denies the allegations..

99.     The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 99 of the SAC and, therefore, denies the allegations.

100.    The United States lacks knowledge or information sufficient to form a basis as to the truth of the allegations contained in paragraph 100 of the SAC and, therefore, denies the allegations.

101.    To the extent the allegations in the first sentence of paragraph 101 of the SAC contain a legal statement, no response is, or may be, required.  The United States lacks knowledge or information sufficient to form a basis as to the truth of the remaining allegations contained in paragraph 101 of the SAC and, therefore, denies the allegations.

102.    To the extent that this paragraph is referring to Exhibit 2 of the Second Amended

Complaint. (Doc. 18 at 5), the United States denies the allegations in paragraph 102 of the SAC.

To the extent that this paragraph is not referring to Exhibit 2, the United States lacks knowledge

or information sufficient to form a belief as to the truth of the allegations and, therefore, denies

the allegations.

**First Cause of Action**
**Petition for Return of Property Against United States of America,**
**Thomas D. Homan, Andrew McCabe, Channing Phillips, and Dana J. Boente**
**(Fed. R. Cr. P. 41(g))**

103.    The United States incorporates by reference its response to paragraphs 1 through

102 of the SAC.

104.    To the extent the allegations in paragraph 104 of the SAC contain a legal

statement, no response is, or may be, required.  To the extent a response may be required, the

United States denies the allegations in paragraph 104 of the SAC.

105.    To the extent the allegations in paragraph 105 of the SAC contain a legal

statement, no response is, or may be, required.  To the extent a response may be required, the

United States denies the allegations in paragraph 105 of the SAC.

106.    To the extent the allegations in paragraph 106 of the SAC contain a legal

statement, no response is, or may be, required.  To the extent a response may be required, the

United States denies the allegations in paragraph 106 of the SAC.

107.    To the extent the allegations in paragraph 107 of the SAC contain a legal

statement, no response is, or may be, required.  To the extent a response may be required, the

United States denies the allegations in paragraph 107 of the SAC.

108.    To the extent the allegations in paragraph 108 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 108 of the SAC.

109.    To the extent the allegations in paragraph 109 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 109 of the SAC.

110.    To the extent the allegations in paragraph 110 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 110 of the SAC.

**Second Cause of Action**
**Petition for Return of Property Against United States of America,**
**Thomas D. Homan, Andrew McCabe, Channing Phillips, and Dana J. Boente**
**(The Court's Equitable Authority)**

111.    The United States incorporates by reference its response to paragraphs 1 through 110 of the SAC.

112.    To the extent the allegations in paragraph 112 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 112 of the SAC.

113.    To the extent the allegations in paragraph 113 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 113 of the SAC.

114.    To the extent the allegations in paragraph 114 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 114 of the SAC.

115.    To the extent the allegations in paragraph 115 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 115 of the SAC.

### Third Cause of Action
**Unlawful Disclosure of Plaintiffs' Return and Return Information Against the United States (26 U.S.C. §§ 6103, 7431)**

Paragraph 116 to 121 of the SAC concern Count III.  On August 28, 2018, the Court dismissed Count III of the SAC.  ECF Nos. 47, 48.  Accordingly, the United States does not need to respond to the allegations in paragraphs 116 to 121.

### Fourth Cause of Action
**Unlawful Disclosure of Plaintiffs' Return and Return Information Against the United States (26 U.S.C. §§ 6103, 7431)**

122.    The United States incorporates by reference its response to paragraphs 1 through 115 of the SAC.

123.    To the extent the allegations in paragraph 123 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 123 of the SAC.

124.    To the extent the allegations in paragraph 124 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 124 of the SAC.

125.    To the extent the allegations in paragraph 125 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 125 of the SAC.

126.    To the extent the allegations in paragraph 126 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 126 of the SAC.

**Fifth Cause of Action**
**Unlawful Disclosure of Plaintiffs' Return and Return**
**Information Against the United States (26 U.S.C. §§ 6103, 7431)**

127.    The United States incorporates by reference its response to paragraphs 1 through 115 and paragraph 122 through 126 of the SAC.

128.    To the extent the allegations in paragraph 128 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 128 of the SAC.

129.    To the extent the allegations in paragraph 129 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 129 of the SAC.

130.    To the extent the allegations in paragraph 130 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 130 of the SAC.

131.    To the extent the allegations in paragraph 131 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 131 of the SAC.

132.    To the extent the allegations in paragraph 132 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 132 of the SAC.

133.    To the extent the allegations in paragraph 133 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 133 of the SAC.

134.    To the extent the allegations in paragraph 134 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 134 of the SAC.

**<u>Sixth Cause of Action</u>**
**Unlawful Disclosure of Plaintiffs' Return and Return**
**Information Against the United States (26 U.S.C. §§ 6103, 7431)**

135.    The United States incorporates by reference its responses to paragraphs 1 through 134 of the SAC.

136.    To the extent the allegations in paragraph 136 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 136 of the SAC.

137.    To the extent the allegations in paragraph 137 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 137 of the SAC.

138.    To the extent the allegations in paragraph 138 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 138 of the SAC.

139.    To the extent the allegations in paragraph 139 of the SAC contain a legal statement, no response is, or may be, required.  To the extent a response may be required, the United States denies the allegations in paragraph 139 of the SAC.

### Seventh Cause of Action
### Unlawful Disclosure of Plaintiffs' Return and Return
### Information Against the United States (26 U.S.C. §§ 6103, 7431)

Paragraphs 140 to 144 of the SAC concern Count VII.  On August 28, 2018, the Court dismissed Count VII of the SAC.  ECF Nos. 47, 48.  Accordingly, the United States does not need to respond to the allegations in paragraphs 140 to 144.

### FIRST DEFENSE

To the extent that Plaintiffs seeks damages pursuant to 26 U.S.C. § 7431 for alleged violations of 26 U.S.C. § 6103, their claims are barred by the applicable statute of limitations, which requires a claim to be brought "within 2 years after the date of discovery by the plaintiff of the unauthorized inspection or disclosure."  26 U.S.C. § 7431(d).

### SECOND DEFENSE

To the extent that a tax return or any tax return information was disclosed,  the disclosure was made as a result of a good faith interpretation of 26 U.S.C. § 6103.

### THIRD DEFENSE

To the extent that a tax return or any tax return information was disclosed, the disclosure was authorized by 26 U.S.C. § 6103.

### FOURTH  DEFENSE

To the extent that Plaintiffs seek damages pursuant to 26 U.S.C. § 7431 for alleged violations of 26 U.S.C. § 6103, their claims are barred by the investigative exception in § 6103(k), which allows the IRS to "disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]."  26 U.S.C. § 6103(k)(6).

WHEREFORE, the United States requests that the Court deny the relief requested in Counts I, II, IV, V, and VI in the Second Amended Complaint and grant any other relief to which the United States may be entitled.

Dated: March 15, 2019

Respectfully submitted,

JESSIE K. LIU
United States Attorney,
District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By:    */s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
D.C. Bar # 416587
Assistant United States Attorney
555 4th Street, NW – Civil Division
Washington, DC 20530
(202) 252-2561
Marina.Braswell@usdoj.gov

and

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

By:    */s/ Joseph A. Sergi*
JOSEPH A. SERGI (DC Bar No. 480837)
MARY ELIZABETH SMITH (MD Bar Member)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street NW
Washington, DC 20001
Telephone:  (202) 353-1988
Facsimile:  (202) 514-9868
Joseph.A.Sergi@usdoj.gov
Mary.E.Smith@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 15, 2019, I electronically filed the foregoing document with the Clerk of Court using the Court's CM/ECF system, and that it will be served accordingly on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
D.C. Bar # 416587
Assistant United States Attorney
