**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BANCROFT GLOBAL DEVELOPMENT, *et al.*, Plaintiffs, | ) | |
| v. | ) | Civil Action No. 17-395 (RC) |
| UNITED STATES OF AMERICA, *et al.*, Defendants. | ) | |

**STIPULATED PROTECTIVE ORDER FOR NON-NATIONAL SECURITY INFORMATION[1]**

In this action Plaintiffs Bancroft Global Development, Michael Stock and Melissa Bates Stock request in discovery certain information and records that may be relevant to those claims are protected by the Privacy Act of 1974, 5 U.S.C. § 552a, or otherwise may be deserving of protection from public disclosure, such as law enforcement sensitive information. In order to permit the parties to have access to and use such unclassified information for purposes of this litigation without undermining legitimate privacy or other concerns, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties stipulate to the following and ask that the Court enter this Stipulated Protective Order:

1. Counsel for Defendants are hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11) and consistent with 28 C.F.R. § 16.23, to release information otherwise protected by the Privacy

1 The information covered by this Protective Order is distinct from any information that the United States Government in its discretion determines constitutes classified national security information (*see* Executive Order 13526, 75 Fed Reg. 707 (Dec. 29, 2009)) protected by the state secrets privilege or any related statutory privileges. Such national security information may not be disclosed by and among the parties to this action.

Act, 5 U.S.C. § 552a, provided that the release of such information is reasonably related to the conduct of this litigation and the information is not protected by the state secrets privilege or other related statutory privilege. Without limiting the generality of the foregoing, counsel for Defendants may release to counsel for Plaintiffs information covered by the Privacy Act whether such release is pursuant to discovery or otherwise, for use in this case. Nothing in this Protective Order is intended to limit or preclude in any way Defendants' rights to access and review documents containing Privacy Act information.

2. In addition to Privacy Act protected materials, this Protective Order shall also apply to any non-privileged, unclassified materials or documents designated as law enforcement sensitive, including investigative reports, review sheets, emails.

3. Counsel for either party, as well as counsel for any non-party responding to a subpoena in this matter, may initially designate as "PROTECTED" hereunder any information exchanged or used in this case if such counsel deems, in good faith, that release of such information may contain confidential or sensitive information, could constitute an unreasonable invasion of privacy, or otherwise may be deserving of protection from public disclosure. Counsel and parties are referred to Rule 5.2 of the Federal Rules of Civil Procedure and Local Civil Rule 5.4(f), and this Court's "Notice Regarding Privacy and Public Access to Electronic Case Files" dated September 2004 [available at www.dcd.uscourts.gov/dcd/civil_privacy_notice], for typical examples of material deserving "Protected" status. Upon request by any other party, counsel for the designating party will promptly explain its basis for designating material as "PROTECTED".

4. If any party files any motion, opposition, reply or any other document prior to trial and attaches thereto or sets forth therein a record, or the relevant portion of a record, that has been

designated as "PROTECTED", pursuant to this Order (including, by way of example but not limitation, discovery materials such as excerpts of depositions or responses to interrogatories, document requests, and admission requests), the parties shall, where the protected information is not readily segregable from the filed document, file two copies of such document ("Version One" and "Version Two") with the Court. Version One shall redact only the specific information designated as "PROTECTED" pursuant to this Order and shall be filed on the public record. Version Two shall contain no redactions and shall be filed under seal. Where the protected information is readily segregable (such as, for instance, a single exhibit to a motion), only the segregable document shall be filed under seal as stated herein but the remainder of the filing shall be filed on the public record. This Order constitutes authorization for the parties to file documents under seal as provided for herein.

5. In designating information as "PROTECTED" the party (or non-party if applicable) so designating it shall identify the protected information with specificity in writing, including by labeling the documents to indicate that they are "PROTECTED".

6. Either party may, at any time, object to the designation of information as "PROTECTED". In the event of any such objection, the designating party agrees to confer with the objecting party as promptly as practicable to attempt to resolve the objection informally. Should the designating and objecting parties be unable to resolve the objection informally, the objecting party may submit such dispute to the Court for resolution. Until the Court resolves the dispute, the information shall be treated as "PROTECTED" under the terms of this Order.

7. Protected information provided formally or informally during the course of this litigation shall be handled and disclosed by the parties only as follows unless the parties have

agreed otherwise in writing or the Court enters an order permitting disclosure without the restrictions set forth in this Order:

(a) Documents or information designated as "PROTECTED" may be used only for purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form to anyone other than: (i) Plaintiffs, counsel for Plaintiffs and employees of counsel's firm; and outside consultants, experts, or vendors retained by Plaintiffs to assist Plaintiffs specifically for purposes of this litigation; (ii) counsel for the Defendants, including Agency counsel, employees of the U.S. Attorney's Office for the District of Columbia, and outside consultants, experts, and vendors retained by Defendants specifically for purposes of this litigation; (iii) witnesses and potential witnesses in this case and other employees of the United States government who have a need to know the protected information for the defense or prosecution of this case; (iv) the person whose privacy interests are meant to be protected with respect to any particular document (e.g., the employee who is the subject of an agency personnel file may be shown documents from his/her personnel file); (v) court reporters who record and/or transcribe proceedings in this case; and (vi) the Court and its Clerk and other support personnel.

(b) It shall be the responsibility of each party to bring this Order to the attention of all persons, including their respective firms and all outside consultants and experts to whom they disclose protected information, and to ensure that all such persons comply with the terms of this Order. Each outside consultant and expert of a party to whom access to records or information designated "PROTECTED" is provided by the party retaining such consultant and/or expert shall sign and date a copy of the Protective Order affirming that they have read and agree

to be bound by the terms of this Protective Order. Counsel of record for each party shall retain those signed copies, which shall not be provided to the adverse party.

(c) All material containing information designated as "PROTECTED" shall be clearly labeled as such and shall be returned to the party who originally produced the information or destroyed at the conclusion of this litigation (including any and all appeals); provided, however, that one copy of such material that was an exhibit to or cited in any legal memoranda, transcripts, motions, briefs, and/or work product containing protected information may be retained for archival purposes if such materials are kept in the possession of a private litigant's counsel, Plaintiffs' counsel, Defendants' counsel, Defendants' Office of General Counsel, or the Court and are not in the future disclosed contrary to the provisions of this Order.

(d) Counsel shall endeavor to avoid revealing information designated as "PROTECTED" in any oral proceedings before the Court, including oral argument. If any counsel finds it necessary to refer to protected information in any such oral proceeding, that counsel shall notify the Court and all other counsel of record as soon as such necessity becomes apparent and shall propose whatever mechanism(s) may be available and appropriate to prevent disclosure of protected information as a consequence of such oral proceedings to persons other than those authorized by this Order.

8. Counsel for a party, as applicable, shall promptly report any breach of the provisions of this Order to the Court and the party who produced the protected information that was improperly divulged or compromised. Upon discovery of any breach, the party responsible for any breach shall immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to persons not covered by this order. The

parties shall also cooperate fully in any investigation of such breach conducted by the Court. Nothing contained in this order shall be deemed or relied upon to create any right or benefit, substantive or procedural, for any person or entity other than the parties to the above-captioned action.

9. By providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity.

10. Pursuant to 5 U.S.C. § 552a(b)(11), the parties are hereby authorized to seek the admission into evidence at the trial or a hearing in this case any materials, or the contents thereof, that are subject to this Stipulated Protective Order, and nothing contained herein shall be construed as precluding Plaintiffs or Defendants from introducing any such materials, or the contents thereof, into evidence, subject to such measures as the Court may deem appropriate or necessary at that time in order to protect the privacy of the individual(s) involved and/or any law enforcement or other government concerns regarding the need to protect of the information.

11. Nothing contained herein shall restrict the government's use of its records for official business or for other purposes consistent with other applicable laws and regulations.

12. Any designating party (or non-party if applicable) can voluntarily revoke the protections afforded by this Protective Order for any documents produced by that designating party (or non-party if applicable) by giving written notice to all parties of record in this matter. Any party (or non-party if applicable) may seek an Order of the Court to relieve that party or non-party of any burdens or protections under this Protective Order.

13. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority, or to the rights of any party to make evidentiary objections at trial.

14. Nothing in this Order may be taken or construed as a ruling or statement concerning the admissibility of any documents or information.

15. This Order is without prejudice to the rights of any party to seek from the Court the modification of this Order. If either party disagrees with the other party's designations and if the parties are unable to resolve the disagreement, the party opposing the designation may seek an order from the Court removing the disputed material from the protection of this Order. Until any such disagreement is adjudicated, the party in receipt of records designated "PROTECTED" shall treat the records and the information contained in the records in accordance with the terms of this Order.

Respectfully submitted,

*<u>/s/ Simon A. Latcovich</u>*
Simon A. Latcovich (D.C. Bar No. 980319)
Alexander Zolan (D.C. Bar No. 1010091)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
slatcovich@wc.com
azolan@wc.com

*Counsel for Plaintiffs*

JESSIE K. LIU,
D.C. BAR # 472845
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Chief, Civil Division

*/s/ Marina Utgoff Braswell*
MARINA UTGOFF BRASWELL
D.C. Bar # 416587
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 252-2561
Marina.braswell@usdoj.gov

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Mary Elizabeth Smith*
JOSEPH A. SERGI (DC Bar No. 480837)
MARY ELIZABETH SMITH (MD Bar Member)
Trial Attorneys
U.S. Department of Justice, Tax Division
555 4th Street NW
Washington, DC 20001
Telephone: (202) 353-1988
Facsimile: (202) 514-9868
Joseph.A.Sergi@usdoj.gov
Mary.E.Smith@usdoj.gov

*Counsel for Defendants.*

SO ORDERED this __________ day of _________________, 2019.

_________________________________
UNITED STATES DISTRICT JUDGE