**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |
| BANCROFT GLOBAL DEVELOPMENT, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 17-395 (RC) |
| ) | |
| UNITED STATES OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |

## STIPULATED PROTECTIVE ORDER REGARDING THE PROTECTION OF NATIONAL SECURITY INFORMATION

Pursuant to Federal Rule of Civil Procedure 26, in order to protect from disclosure in this litigation any information that the United States Government in its discretion determines constitutes classified national security information (*see* Executive Order 13526, 75 Fed Reg. 707 (Dec. 29, 2009)), and to facilitate discovery only of information which may be publicly disclosed while protecting from disclosure privileged information which should not be so disclosed by and among the parties to this action, the parties jointly propose entry of the following protective order.

IT IS HEREBY ORDERED as follows:

1. The purpose of this agreement is to protect national security information by setting forth procedures under which the parties will litigate this case in a manner that protects against the disclosure or use of national security information.

2. The parties agree that the individual Plaintiffs were all previously granted security clearances for classified information and access to information related to classified contract(s) with the U.S. Government.  The parties also agree that all Plaintiffs signed

nondisclosure agreement(s) ("NDAs") related to classified contract(s) with the U.S. Government and that pursuant to the binding terms of those NDAs, all Plaintiffs have agreed that they will never divulge classified information to anyone unless the disclosure is specifically authorized by the United States.  Nothing in this Protective Order shall be read to authorize Plaintiffs to disclose classified information in violation of the terms of their NDAs.  The parties acknowledge that Plaintiffs' counsel has not received access to classified information in connection with this case. In addition, Plaintiffs' counsel shall not intentionally elicit the unauthorized disclosure of information in the categories identified in paragraph 3.a-f, below, from Plaintiffs or other witnesses in this case.

3. The United States has provided Plaintiffs with notice that disclosure of information that may reveal, tend to reveal, or risk the disclosure of information in the following categories may present a reasonable danger of harm to the national security:

    a. The terms or details of any contract(s), including but not limited to terms or details in any contractual documents, requests for proposal, and proposals, as well as any terms or details related to negotiations between Plaintiffs and the U.S. Government for projects on which the Plaintiffs worked (the "Contracts"), and which may be at issue in this case;

    b. The identity of all U.S. Government customer(s) to the Contracts, including but not limited to (i) specific U.S. Government organizations, office names or designations, office locations, internal room numbers, internal phone numbers, e-mail addresses, or similar identifying information; (ii) other information about all U.S. Government customer(s), including information about actions or institutional roles or responsibilities that could tend to reveal any U.S. Government customer identity;

    c. The identity of any and all employees of U.S. Government customer(s) to the Contracts or other individuals who worked on behalf of the U.S. Government with respect to the Contracts, including but not limited to full names, addresses, email addresses, phone numbers, job titles or job descriptions, or any other information that may reveal those individuals' identities or that of the U.S. Government customer(s);

    d.  References to the content of the Contracts between Plaintiffs and any U.S. Government customer(s), or any part(s) thereof;

    e.  Any information which might tend to reveal the nature and scope of, and any details concerning, any work performed under the Contracts between the Plaintiffs and the U.S. Government customer(s); and

    f.  Any information which might tend to reveal the locations, both domestic and overseas, where work was performed under the Contracts between the Plaintiffs and any U.S. Government customer(s).

Given that disclosure of the information described in paragraph 3.a-f may present a reasonable danger of harm to the national security, such information shall not be used, disclosed, or referred to in any Fed. R. Civ. P. 26 disclosure, propounded discovery, discovery response, or other documents used or disclosed in this case or in proceedings in this case, except as authorized by the United States or separate Court Order, pursuant to the process identified below.  To the extent the United States authorizes use of the information as described in this paragraph, it shall do so in writing with reference to this Order.  To date, the United States has authorized use of the information described in paragraph 8, below.

4.  Plaintiffs shall review any documents in their possession, custody, or control that they intend to use or otherwise disclose in the course of this action to determine if such documents contain any information described in paragraph 3.a-f, above.  The only exceptions to the rule stated in the first sentence of this paragraph 4 are contained in paragraph 8, below.  If Plaintiffs' review reveals any documents that may reveal, tend to reveal, or risk the disclosure of information described in paragraph 3.a-f, above, Plaintiffs must forward them to the United States for review; Plaintiffs are not entitled to withhold documents from review because of their own assessment of risk or danger

of harm to the national security.  Such a determination shall be made by the United States and not by the Plaintiffs, as set forth below.

5.  To facilitate the security procedures outlined in this Protective Order and for the purpose of providing security arrangements necessary to protect against unauthorized disclosure of any classified information that was previously made available to Plaintiffs, the Court has designated Matthew Mullery as the Classified Information Security Officer (CISO) and Daniel O. Hartenstine, Joan B. Kennedy, Maura L. Peterson, Carli V. Rodriguez-Feo, Harry J. Rucker, W. Scooter Slade, and Debra M. Guerrero-Randall as alternate CISOs for this case.  To the extent necessary, the CISO shall establish procedures consistent with this Protective Order for the appropriate storage, handling, and transmittal of any information that falls into the categories described above in paragraph 3.a-f.

6.  Plaintiffs shall provide any documents that require the United States' review pursuant to this Protective Order to the United States, by means directed by the CISO, for review and redaction of any information subject to protection under the state secrets privilege and any relevant statutory privileges ("privileged national security information").  ~~All documents should be provided by 4pm.~~  The CISO shall not reveal to the ~~government~~ any counsel of record for Defendants or anyone assisting counsel of record for Defendants (collectively, "Defendants' Trial Team") the content of any conversations he may hear among the Plaintiffs, nor reveal the nature of the documents being reviewed by the Plaintiffs for the possible presence of any information identified in paragraph 3.a-f, above, or the nature of any materials that Plaintiffs are in the process of generating in advance of a submission to the United

States for review pursuant to this Protective Order.  The presence of the CISO shall
not operate to render inapplicable the attorney-client privilege.

7.  After the information identified for review is provided by the CISO to the United
States, the United States shall in its discretion determine whether information must be
redacted from the documents in order to protect national security.  To the extent
possible, the United States shall then return the redacted document through the CISO
to the Plaintiff who requested the review.  With respect to any documents submitted
to the CISO, Plaintiffs shall use and rely solely on the version returned by the United
States.  If any Plaintiff objects to the application of this paragraph, the Plaintiff must
follow the procedures set forth in paragraph 12 of this Order.

8.  To date, the United States has authorized use of the following unclassified
information in the format identified below:

   a.  The facts specifically admitted or averred by Defendants in their Answer, filed
       in the above-captioned case, only to the level of detail provided in the specific
       format identified within the Answer itself.

   b.  Identification of the nine individuals, by first name and last initial only, who
       are identified in paragraphs (i)15-(i)23 of the United States' initial disclosures,
       produced to Plaintiffs on April 24, 2019.

   c.  Information contained within document(s) produced by the United States to
       Plaintiffs in response to formal discovery requests in the above-captioned
       case, only to the level of detail provided or in the specific format contained
       within the produced version(s) of the document(s).

   d.  Documents returned to Plaintiffs as a result of this litigation.

   e.  Documents contained in the IRS administrative record, including any Revenue
       Agent Report, Taxpayer Response, or Revenue Agent Reply.

   d.f. To the extent the United States authorizes use of additional information
       described in paragraph 3.a-f, above, it shall do so in writing with reference to
       this Order, as required by paragraph 3 of this Order.

9. Plaintiffs have stated that they intend to take depositions of all of the individuals listed by name in their 26(a) disclosures, produced to the United States on April 24, 2019 (hereinafter "Named Individuals").  Subject to the limitations imposed by this Order, Plaintiffs may depose by oral questions any Named Individuals as long as Plaintiffs serve notice of the deposition on the United States at least thirty days in advance of the date set for taking the deposition.  To the extent Plaintiffs intend to go beyond depositions by oral questions of the Named Individuals to seek discovery from persons or entities who are reasonably likely to possess the information described in paragraph 3.a-f, above—including by seeking the production of documents from the Named Individuals, seeking to depose other individuals, or by seeking to depose any named or unnamed organization—the following limitations shall apply:

    a. Plaintiffs shall serve the United States with a copy of the notice or subpoena regarding the deposition at least 45 days in advance of the date set for taking the deposition.

    b. To the extent Plaintiffs' notice or subpoena contains a request for the production of documents or other materials, Plaintiffs must direct the person or entity to whom the notice or subpoena is directed to provide all responsive documents directly to the United States via the CISO, and not to Plaintiffs.

        i. The CISO must then provide the responsive materials to the United States for review and redaction of any information that is subject to protection under the state secrets privilege and any relevant statutory privileges ("privileged national security information").

        ii. To the extent possible, the United States shall then provide through the CISO a redacted version of the responsive materials to the Plaintiff who requested the review.  Plaintiffs shall use and rely solely on the version of the documents have been reviewed, redacted, and returned by the United States through the CISO.

    c.   The United States must be provided at least 30 days' notice from the date it receives the responsive material described in paragraph 9(b), above, to complete its review before any deposition by oral questions takes place.

    d.   To the extent Plaintiffs' notice or subpoena is directed to an organization, pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs will meet and confer with the United States regarding the appropriate scope of the testimony sought at the deposition.

If the United States provides, in writing to Plaintiffs' counsel, notice that the United States intends to file a motion for a Protective Order related to any of the discovery described in this paragraph, the deposition and production dates shall be postponed. The parties shall submit a joint proposed schedule for any such motion. The United States agrees to provide the same notice.

10. All depositions that occur pursuant to Federal Rules of Civil Procedure 30 or 45 in this case must be conducted pursuant to the following ground rules and limitations:

    a.   This case is bifurcated into two phases. Scheduling Order, ECF No. 62. All depositions in Phase I are limited to only the subjects relevant to liability for the counts remaining in this case. Plaintiffs shall not pose any questions relevant solely to damages during depositions in Phase I or any questions regarding the merits of the administrative tax matter pending before IRS Appeals that do not relate to any alleged or potential unlawful disclosures in the current action and which are legally irrelevant to the questions presented in this case.

    b.   Given the inherent risk presented by a fluid deposition setting and the close nexus between the issues presented in this case and the information in the categories identified in paragraph 3.a-f, above, all witnesses persons or entities who are reasonably likely to possess the information described in paragraph 3.a-f, above shall be directed not to produce or disclose any the information in the categories identified in paragraph 3.a-f, above, as defined above, without the express authorization of the United States. ~~Every individual attending each deposition must sign a standard non-disclosure agreement that he or she will never divulge classified information to anyone unless the disclosure is specifically authorized by the United States.~~

    c.   Given the risk of unauthorized disclosures of classified information, audio or video recordings of the deposition~~s transcripts~~ will be provided to a CISO ~~as~~

described in paragraph 10(g), below, until after the Court has ruled on all summary judgment motions and the United States Government has confirmed that they do not contain classified information, which confirmation should occur within a reasonable time.  If practical, the stenographer and videographer for the deposition should possess a security clearance granted by the Executive Branch and create the transcript in a manner that protects the transcript as if it contained classified information until the Government confirms that the transcript is unclassified.

d.   Depositions may be attended only by the stenographer, videographer, the individual Plaintiffs, an individual representing Plaintiff Bancroft Global Development, Plaintiffs' counsel, and the attorneys for the United States. Counsel should notify other parties not later than seven days before the taking of a deposition if counsel desires to have anyone else present during a deposition.  If the parties are unable to agree to the attendance of this person, then the person shall not be entitled to attend the deposition unless the party desiring to have the person attend obtains a court order permitting him/her to do so.

e.   Each deposition must take place at a Government location providing nearby access to a Sensitive Compartmented Information Facility ("SCIF") where Government counsel and/or witnesses with appropriate security clearances can discuss classified information, should the need arise to do so during the deposition in order to prevent disclosure of privileged national security information.  The United States shall secure a suitable location for the depositions.

f.   Any attorney for the United States present at any deposition may object and, if necessary, direct the witness not to answer a question or to stop responding to a question if he or she deems in good faith that it is necessary to preserve the United States' privilege including to prevent the unauthorized disclosure of privileged national security information, to enforce the limitations of this Protective Order or other order by the court, or to present a motion under Rule 30(d)(3).  Fed. R. Civ. P. 30(c)(2), (d)(3).  In order to avoid or limit the need for the Government to object to any disclosure and instruct the witness not to answer, to the extent possible, an attorney for the United States (or the witness) may stop any deposition at any time, regardless of whether a question is pending, in order to confer privately with the witness (or counsel) concerning prevention of the unauthorized disclosure of privileged national security information.

g.   Following the deposition, the transcript should be turned over to the CISO, who will produce it to the United States, which shall have no more than fourteen days to conduct a review of the transcript to redact any privileged national security information prior to release of the transcript to trial counsel in this case.  Counsel Defendants' Trial Team in this matter shall have no role

in such a review.  Any information not redacted from the deposition transcript by the United States after its review pursuant to this paragraph will be expressly authorized for use or disclosure in this case or in proceedings in this case pursuant to paragraph 8 of this Order.  After the review is completed, the transcript should be produced to counsel for all the parties at the same time.

h.   Nothing in the testimony of the witness will constitute or be construed as a waiver of any applicable protections or privileges held by the United States that may apply to protected, privileged, or classified information.

11. Plaintiffs shall notify the United States if they intend to refer to or utilize any information described in paragraph 3.a-f, above, in any Court filings, unless that information has been expressly authorized for use in this litigation pursuant to paragraph 8, above.  A copy of the portions of any proposed filing described in this paragraph will first be submitted to the United States, through the CISO, for review in order to determine if it is necessary to redact information to avoid disclosure of privileged national security information.  Plaintiffs agree they will only file, use or disclose the redacted form in the litigation of this action.  If Plaintiffs object to the application of this paragraph, Plaintiffs must follow the procedures set forth in paragraph 12 of this protective order.  All documents and information submitted by Plaintiffs through the CISO for review pursuant to this Protective Order, which are not approved for use in this case by the United States, shall be maintained by the CISO for the duration of the case.  In addition, any notes, summaries, and other documents prepared by Plaintiffs that contain information described in paragraph 3.a-f, above, but are not submitted for review and possible use in this case pursuant to this Protective Order shall remain at all times in the custody of the CISO for the duration of the case.  At the conclusion of this case, including after any timely appeals, all

such notes, summaries, and other documents are to be destroyed by the CISO in the presence of Plaintiffs if they choose to be present.

12. Notwithstanding the foregoing, the Plaintiffs shall retain all rights to object to the withholding of information pursuant to this Protective Order.  Should any Plaintiff dispute any application of the Protective Order to discovery in this case, the Plaintiff shall first confer with the United States to attempt to resolve the dispute.  If the Parties are unable to resolve the dispute, the Plaintiff may seek judicial intervention; however, the Parties will first confer with the Court in an effort to resolve the matter before any motion practice.

13. Nothing in this Protective Order shall be deemed to constitute a waiver of the rights of Plaintiffs to object to the exclusion or protection from discovery of any document, testimony or other information or to the treatment of any document, testimony or other information as information in the categories identified in paragraph 3.a-f above, as covered by the state secrets privilege or as receiving any similar protection. Nothing in this Protective Order shall be deemed to constitute a waiver of any Party's rights to make any argument or motion related to the state secrets privilege or similar protections.  Nothing in this Protective Order shall limit the discretion of the United States to present any defense in response to any motion described in this paragraph or take any step in defending against such a motion.

SO ORDERED this __ day of _____, 2020.


_____
Hon. Rudolph Contreras
United States District Judge